OPINION
{¶ 1} Defendant-appellant, Frederick W. Hinton, appeals from judgments of the Franklin County Court of Common Pleas terminating defendant's community control sanction and imposing two consecutive 11-month sentences. Because the trial court failed to make the requisite findings under former R.C. 2929.14(E), we remand for resentencing.
 {¶ 2} In case No. 03AP-473, an indictment filed June 20, 2002 charged defendant with one count of deception to obtain dangerous drugs in violation of R.C. 2925.22, a felony of the fifth degree. Defendant initially entered a not guilty plea; on August 28, 2002, however, defendant changed his plea to guilty, premised in part on a joint recommendation from the prosecution and the defense that defendant be sentenced to community control sanctions. In accordance with the recommendation, the trial court, by judgment entry filed October 24, 2002, accepted defendant's guilty plea and found him guilty of the charge. A pre-sentence investigation having been completed, the court imposed a period of community control for five years under intensive supervision, requiring that defendant receive chemical dependency/abuse intervention treatment, obtain and maintain verifiable employment, and successfully complete the House of Hope program.
 {¶ 3} In case No. 03AP-474, an indictment filed October 1, 2002 charged defendant with two counts of deception to obtain dangerous drugs in violation of R.C. 2925.22, felonies of the fifth degree. Again, defendant initially entered a not guilty plea, but changed his plea to guilty on October 24, 2002. By judgment entry filed that day, the trial court imposed the same sentence ordered in case No. 03AP-473.
 {¶ 4} In each case, a June 27, 2003 entry declared defendant an absconder from the jurisdiction of the court and stated December 27, 2002 was the last date defendant reported in person to the probation office. Following defendant's apprehension, he was brought before the trial court for a revocation hearing. At the hearing, defendant, through counsel, stipulated defendant had violated the conditions of his community control. After allowing defense counsel and defendant to speak in mitigation, the court imposed a sentence of 11 months for each case. At the sentencing hearing, the trial court specified the sentences in the two cases were to be served consecutively. However, in the Revocation Entry in case No. 03AP-473, the court ordered the sentences in the two cases to be served concurrently; in the Revocation Entry in case No. 03AP-474, the court ordered that they be served consecutively. Defendant appeals, assigning the following errors:
First Assignment of Error
The trial court erred in ordering a sentence of imprisonment without specifically finding the factors enumerated in R.C. 2929.13(B)(1).
Second Assignment of Error
The trial court erred in ordering the sentences to be served consecutively without specifically finding the factors enumerated in R.C. 2929.14(E)(4).
 {¶ 5} Defendant's first assignment of error asserts the trial court failed to comply with former R.C. 2929.13(B)(1) in sentencing defendant to a prison term on a fifth-degree felony. Specifically, defendant contends that before the court properly could sentence defendant to prison on a fifth-degree felony, the trial court was required to determine whether any of the factors listed in former R.C. 2929.13(B)(1) apply. If so, defendant contends, the court further was required under former R.C.2929.13(B)(2)(a) to consider the factors set forth in R.C. 2929.12, to find that a prison term "is consistent with the purposes and principles at sentencing as set forth in R.C. 2929.11," and lastly to find that defendant was not amenable to an available community control sanction.
 {¶ 6} Pursuant to R.C. 2929.15(B), if an offender violates the conditions of community control sanctions, the court may: (1) impose a "longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section," (2) "impose a more restrictive sanction," or (3) "impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." As a result, "before the trial court properly could impose a prison term upon [defendant] for the violation of the community-control sanction, R.C. 2929.15 required that the trial court comply with the sentencing requirements of R.C. 2929.14." State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017. Contrary to defendant's contentions, the trial court was not required to comply with the provisions of former R.C. 2929.13(B) when it sentenced defendant because he violated the conditions of his community control. State v. Taylor (Jan. 29, 2001), Clermont App. No. CA2000-05-036, quoting Delaney, supra. Rather, "[a]bsent any reference to other statutory provisions of R.C. Chapter 2929, it follows that sentencing courts are only required to comply with R.C. 2929.14(B) prior to the imposition of a prison term for a community control sanction violation." Id., citing State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38.
 {¶ 7} Former R.C. 2929.14(B) is addressed to offenders who have not served a prison term, and it requires a specific finding if the court intends to impose other than the shortest prison term authorized for the offense on a defendant who has not served time in prison. The record before us does not disclose whether defendant had served a prison term prior to these offenses, and, accordingly, we are unable to determine that the trial court erred in failing to make the findings under former R.C.2929.14(B). Accordingly, defendant's first assignment of error is overruled.
 {¶ 8} Defendant's second assignment of error asserts the trial court failed to make the requisite findings under former R.C. 2929.14(E) and 2929.19(B)(2)(c).
 {¶ 9} Former R.C. 2929.14(E)(3), in effect at the time of defendant's crimes, stated:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is great unless consecutive service is required, and if the court also finds any of the following:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Former R.C. 2929.19(B)(2) provided:
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]
 {¶ 10} Accordingly, not only must the trial court specify its findings from among those described in former R.C. 2929.14(E)(3), but it must also specify one of the findings set forth in former R.C.2929.14(E)(3)(a), (b) and (c). Further, the court must delineate its reasons in support of those findings pursuant to former R.C.2929.19(B)(2)(c).
 {¶ 11} Here, the state properly concedes the trial court failed to make the requisite findings or state the supporting reasons. Accordingly, these cases must be remanded to the trial court for resentencing. At that time, the trial court will also have the opportunity to clarify the inconsistency between the Revocation Entry in each of these two cases and the trial court's pronouncement at the sentencing hearing. Specifically, although at the sentencing hearing the trial court indicated the sentence in each case was to be served consecutively to the other, in the Revocation Entry in case No. 03AP-473, the trial court indicated the sentences in the two cases were to be served concurrently; in the Revocation Entry in case No. 03AP-474, the trial court indicated they were to be served consecutively.
 {¶ 12} Defendant's second assignment of error is sustained.
 {¶ 13} Having overruled defendant's first assignment of error, but having sustained his second assignment of error, we remand these cases for resentencing only.
Convictions affirmed; cases remanded for resentencing.
Brown and Klatt, JJ., Concur.