OPINION
{¶ 1} Defendant-appellant, William C. Trueblood, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a guilty plea, of one count of felonious assault in violation of R.C. 2903.11, one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, and one count of vehicular assault in violation of R.C. 2903.08. Because the trial court erred in failing to comply with the requirements of R.C.2929.14(B), we reverse and remand for resentencing.
 {¶ 2} Pursuant to a nine-count indictment filed April 26, 2004, defendant was charged with three counts of felonious assault, one count of failure to comply with an order or signal of a police officer, one count of third-degree felony aggravated vehicular assault, one count of fourth degree felony aggravated vehicular assault, two counts of hit skip, and one count of operating a vehicle while under the influence of alcohol and/or drugs of abuse. Although defendant originally entered a not guilty plea to all of the counts in the indictment, defendant on August 11, 2004 changed his plea to guilty to felonious assault, failure to comply with a police officer's signal, and vehicular assault.
 {¶ 3} The trial court sentenced defendant to six years on the felonious assault, one year on the failure to comply with a signal or order of a police officer, and 12 months on the vehicular assault. The trial court ordered that the six year and 12 month sentences be served concurrently, but consecutively to the one-year sentence for failure to comply with an order or signal of a police officer. In addition to the seven years of imprisonment arising from the trial court's sentence, the trial court suspended defendant's driver's rights for five years.
 {¶ 4} Defendant appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
The trial court erred in imposing terms greater than the minimum period of incarceration upon a defendant, without finding that the defendant had a prior history of imprisonment and without making supporting sentencing findings as required by R.C. 2929.14(B).
SECOND ASSIGNMENT OF ERROR
The trial court erred in imposing a term greater than the minimum period of incarceration upon a defendant without finding that the defendant had a prior history of imprisonment and based on facts not found by the jury or admitted by appellant. This omission violated Appellant's rights to a trial by jury and due process under the sate and federal Constitutions.
 {¶ 5} Defendant's first assignment of error asserts the trial court erred in imposing greater than the minimum prison term on defendant, who has no prior record of imprisonment, without making the required findings under R.C. 2929.14(B). The state concedes that the trial court failed to make the required findings under R.C. 2929.14(B) and thus requests that the matter be remanded for a resentencing hearing.
 {¶ 6} "R.C. 2929.14(B) requires the trial court to impose the minimum sentence for first-time imprisonment unless it specifies on the record
that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender." State v. Edmonson (1999), 86 Ohio St.3d 324, 325. (Emphasis added.) The rationale expressed in Edmonson led to the Supreme Court's determination in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165: "Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." Id., paragraph two of the syllabus.
 {¶ 7} Here, the trial court failed to make either of the required findings under R.C. 2929.14(B). Rather, the trial court observed that "these weren't bad accidents. It was intentional acts. It's probably true, you probably weren't very conscious of what you're doing. Nonetheless, you were voluntarily high on the drugs; so that cannot be used as an excuse to say it wasn't intentional." (Tr. 24-25.) The court then noted that the damage to the cruisers as a result of defendant's driving could be fixed, but the officer injured in the incident was a different story. Observing also that the public's safety was compromised during the time of defendant's attempts to escape the police, the court noted defendant himself would be suffering the physical results of his illegal actions. Concluding that "[m]ax consecutive sentence on all these would total out to be about 16 and a half years, I think," the court determined that "because of all the things we've already talked about, I don't think the minimums would be appropriate either. So, I'm going to pretty much go down the middle[.]" (Tr. 25.)
 {¶ 8} Because the trial court failed to make either of the required findings under R.C. 2929.14(B), the trial court erred in imposing other than the minimum sentence on defendant in the absence of evidence that he had served a prison term. Cf. State v. Hinton, Franklin App. No. 03AP-473, 2003-Ohio-6837 (overruling claimed error for failure to make the required findings under R.C. 2929.13[B][1], despite lack of evidence that the defendant had served a prison term, where case was remanded for resentencing for other reasons). Defendant's first assignment of error is sustained.
 {¶ 9} Defendant's second assignment of error asserts the trial court erred in sentencing defendant in violation of Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, Ring v. Arizona (2002), 536 U.S. 584,122 S.Ct. 2428, Blakely v. Washington (2004), 124 S.Ct. 2531, and UnitedStates v. Booker (2005), 125 S.Ct. 738. Because under the first assignment of error this case must be remanded for resentencing, defendant's second assignment of error is moot, and we decline to address it. State v. Lee,
Franklin App. No. 03AP-436, 2004-Ohio-5540.
 {¶ 10} Having sustained defendant's first assignment of error, rendering his second assignment of error moot, we affirm the trial court's finding of guilty pursuant to defendant's guilty plea, but reverse the sentence the trial court imposed and remand for resentencing only.
Judgment affirmed in part and reversed in part; case remanded forresentencing.
Petree and McGrath, JJ., concur.